UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES DEWALT; ROBERT G. BAKIE; JACK L. FALLIS, JR.; JEFFREY A. BARTON; ASSOCIATED INDUSTRIES MANAGEMENT SERVICES, INC.; THE ASSOCIATED INDUSTRIES OF THE INLAND NORTHWEST; and THE ASSOCIATED EMPLOYERS HEALTH AND WELFARE TRUST,<br><br>　　　　　　　　Defendants. | NO: 2:17-CV-0082-TOR<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS |

BEFORE THE COURT are Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 12) and Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 15). These matters were submitted for consideration with oral argument. The Court held a hearing on July 25, 2017. At

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS ~ 1

1  the hearing, Eirik J. Cheverud appeared on behalf of Plaintiff R. Alexander Acosta,

2  Secretary of Labor, Department of Labor, and Amanda S. Amert, Christopher J.

3  Rillo, and Thomas W. McLane appeared on behalf of Defendants James DeWalt,

4  Robert G. Bakie, Jack L. Fallis, Jr., Jeffrey A. Barton, Associated Industries

5  Management Services, Inc., Associated Industries of the Inland Northwest, and the

6  Associated Employers Health and Welfare Trust (collectively, "Defendants"). The

7  Court has reviewed the record and files herein, and is fully informed. For the

8  reasons discussed below, Defendants' Motion to Dismiss for Lack of Subject

9  Matter Jurisdiction (ECF No. 12) and Motion to Dismiss for Failure to State a

10 Claim (ECF No. 15) are denied.

## BACKGROUND

12  Plaintiff R. Alexander Acosta, United States Secretary of Labor, Department

13 of Labor ("Secretary") brings this action under the Employment Retirement

14 Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq.,

15 against Defendants for alleged breaches of their fiduciary duties committed in the

16 course of managing the Associated Employers Health and Welfare Trust ("Trust")

17 and ERISA-covered employee benefit plans that participate in the Trust ("Plans").

18  Defendants move to dismiss the Complaint under Federal Rule of Civil

19 Procedure 12(b)(1) for lack of subject matter jurisdiction. *See* ECF No. 12.

20 Defendants also seek dismissal under Rule 12(b)(6) for Plaintiff's failure to plead

sufficient facts to support the ERISA claims.  *See* Fed. R. Civ. P. 12(b)(6); ECF No. 15.

## FACTS

The following facts are drawn from Plaintiff's complaint, and are accepted as true for purposes of the instant motions.  Defendant Associated Industries of the Inland Northwest (the "Association"), a Washington non-profit corporation, established the Trust to receive monetary contributions from more than 300 participating employers ("Participating Employers") and employees.  ECF Nos. 1 at 6, ¶ 14; 15-1 at 7, Art. I ¶ 2.  In turn, the Participating Employers and their employees contributed to the Trust to fund various employee health and welfare benefit ERISA plans (the "Plans") by paying (1) insurance premiums to an insurance company to provide insured medical benefits, and (2) the Plan's administrative expenses.  ECF No. 1 at 2, ¶ 1; 11, ¶ 28.

The Association had the authority to and did appoint trustees (the "Trustees") to administer the Plans for the participating employees.  *Id.*  The Association also had the authority to remove the Trustees.  ECF No. 1, 4 at ¶ 5.  The Trustees received the Participating Employers' contributions, which were held by the Trust for the exclusive benefit of the participating employees and their beneficiaries.  *Id.* at 2, ¶ 1.  The Trustees also had the authority to and did maintain a reserve fund for future contingencies.  *Id.* at 11, ¶ 28.

1  Defendant Associated Industries Management Services, Inc. ("AIMS"), a
2  for-profit corporation wholly owned by the Association, provided administrative
3  services for the Plans. *Id.* at 2, ¶ 2; 4 at ¶ 5. Defendant James DeWalt was the
4  President, CEO, and a director of AIMs, and the President and CEO of the
5  Association; Defendant Robert G. Bakie was the CFO of AIMS. *Id.* at 5-6, ¶¶ 10-
6  11. Both were Trustees, in addition to Defendants Jack L. Fallis, Jr. and Jeffrey A.
7  Barton. *Id.*; 6, ¶¶ 12-13; 12, ¶¶ 31-32. The Trust paid AIMS a fee for its
8  administrative services using contributions made by the Participating Employers.
9  ECF No. 1 at 14, ¶ 38. In 2009, AIMS's fee equaled 2% of the total insurance
10 premiums paid through the Trust. *Id.*

11 Generally, from December, 31 2009, through February 2014, the Trustees
12 purported to approve a series of increases in AIMS's fees from the 2% fee to as
13 high as 7% of paid insurance premiums, and caused the Trust to pay those
14 increased fees. *Id.* at 15-22, ¶¶ 39-58. The Participating Employers and their
15 employees were never informed about the increases or that the Trustees took
16 money from the Trust's reserve fund to pay the fee increases to AIMS. *Id.* at 17,
17 19-20, 23, ¶¶ 44-45, 51-52, 61-62. The Trust paid AIMS over $3 million more in
18 fees than the 2% fee rate would have allowed. *Id.* at 22, ¶ 59.

19 The Secretary asserts that the Trustees and the Association were ERISA
20 fiduciaries who violated their duties of prudence and loyalty to the Plans by

1  engaging in prohibited transactions in violation of ERISA sections 406(a)(1)(C)
2  and (D), 29 U.S.C. § 1106(a)(1)(C), (D), because the Trustees retained and paid
3  AIMS, repeatedly increased those fees, and caused the Trust to pay such fees with
4  the Plans' assets. *Id.* at 24-27, ¶¶ 63-68.  The Secretary also alleges that the
5  Association failed to properly monitor the Trustees' actions, and that the Trustees
6  and the Association are liable as co-fiduciaries for each other's violations. *Id.* at
7  25-27, 29, ¶¶ 66, 67, 72-73.  The Secretary further contends that the Trustees'
8  conduct constituted prohibited self-dealing with the Plans' assets and violated their
9  ERISA fiduciary duties of loyalty, prudence, and fidelity to the Plans' participants
10 and beneficiaries. *Id.* at 3, ¶ 2.  Similarly, the Secretary contends that AIMS is
11 liable under ERISA section 502(a)(5), 29 U.S.C. § 1132(a)(5), for disgorgement of
12 its unjust enrichment because it knowingly participated in these fiduciary breaches.
13 *Id.* at 4, ¶ 5.

**DISCUSSION**

15    In their motions to dismiss the Complaint pursuant to Fed. R. Civ. P.
16 12(b)(1) and 12(b)(6), Defendants factually challenge whether the Trust contains
17 ERISA-covered assets and dispute that Defendants are fiduciaries with respect to
18 the various Plans because—according to Defendants—they did not exercise control
19 or discretionary authority over the Plans' assets. ECF No. 12 at 10-11; 15 at 8-14.
20

1   With respect to its Rule 12(b)(1) motion, Defendants argue that the Court

2   lacks subject matter jurisdiction because the Secretary's Complaint does not

3   "present a federal question on [its] face." ECF No. 12 at 5.  Similarly, Defendants

4   argue in their Rule 12(b)(6) dismissal motion that (1) the Secretary failed to state

5   prohibited-transaction and knowing participation claims because the Trust's assets

6   were not ERISA-covered plan assets; (2) the Secretary failed to allege facts to

7   support the failure-to-monitor claim against the Association; and (3) all claims

8   arising before May 27, 2010, are time-barred. ECF No. 15 at 14–19.

9   Defendants initially argued that the Court also lacks jurisdiction because the

10  Trust is not itself an ERISA plan. *See* ECF No. 12 at 6-10.  The Secretary's

11  responsive memorandum clarifies that this alternative position was pled based on

12  Defendants' position taken in other litigation. *See* ECF No. 18 at 8.

13  **A. Subject Matter Jurisdiction**

14  Federal courts have subject-matter jurisdiction over "all civil actions arising

15  under the . . . laws . . . of the United States." 28 U.S.C. § 1331.  The Secretary

16  asserts that this Court has subject matter jurisdiction pursuant to ERISA

17  § 502(e)(1), 29 U.S.C. § 1132(e)(1).  ECF No. 1 at ¶ 7.  ERISA section 502(e)(1)

18  provides, in relevant part, that "the district courts of the United States shall have

19  exclusive jurisdiction of civil actions under this subchapter brought by the

20  Secretary . . . ." 29 U.S.C. § 1132(e)(1).  Pursuant to ERISA section 502(a)(2) and

1  (5), 29 U.S.C. § 1132(a)(2) and (5), Congress cloaked the Secretary with the

2  authority to enjoin acts that violate ERISA provisions, obtain other appropriate

3  equitable relief, and enforce the fiduciary responsibility provisions of Title I of

4  ERISA. The Secretary may also bring an action under ERISA section 502(a)(5)

5  against a non-fiduciary that knowingly participates in an ERISA fiduciary

6  violation. 29 U.S.C. § 1132(a)(5).

7  Thus, the Secretary invoked federal-question jurisdiction under § 1331 and

8  the case arises under a federal law, ERISA section 502(e)(1). 29 U.S.C.

9  § 1132(e)(1). However, as a preliminary matter, whether the Trust contains

10 ERISA-covered plan assets and whether Defendants are subject to ERISA are

11 "question[s] on the merits of the claim, not an issue of subject matter jurisdiction."

12 *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 997 (9th Cir. 2010) (quoting *Trs.*

13 *of the Screen Actors Guild–Producers Pension & Health Plans v. NYCA, Inc.*, 572

14 F.3d 771, 775 (9th Cir. 2009)). Because the Secretary alleges causes of action

15 "arising under" ERISA, this Court unequivocally has subject matter jurisdiction.

16 *See* 28 U.S.C. § 1331; 29 U.S.C. § 1132(e)(1), ERISA § 502(e)(1); *Daniels-Hall*,

17 629 F.3d at 997.

18 Accordingly, Defendants' Motion to Dismiss for Lack of Subject Matter

19 Jurisdiction is **denied**. The Court will address whether the Secretary's allegations

20

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS ~ 7

properly state a claim under ERISA. *Daniels-Hall*, 629 F.3d at 998 (citation omitted).

### B. Failure to state a claim

Fed. R. of Civ. P. 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements[.]" *Twombly*, 550 U.S. at 555.

When deciding, the Court may consider the plaintiff's allegations and any "documents incorporated into the complaint by reference . . . ." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). In addition, a federal court may dismiss a complaint for failure to comply with the statute of limitations where "the running

of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); citing *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc.*, 68 F.3d at 1207 (citation omitted).

Defendants argue that the Secretary fails to sufficiently allege that Defendants administered or exercised discretion or control over any of the Participating Employers' Plans' assets. ECF No. 12 at 11. Defendants contend that the Plans never had an ownership interest in any of the money remitted to the Trusts by the Participating Employers; therefore, as a notion of property rights law, the Trust did not contain the Plans' assets. *Id.* at 9-10. In turn, Defendants argue that they had no fiduciary duties to the Plans. ECF No. 15 at 8-9. Defendants reason that because the Plans had no ownership interest in the Trust funds, Defendants could not have breached a fiduciary duty and, in tandem, cannot be liable as non-fiduciaries that knowingly participated in such violations. *Id.* at 10-13, 18. Defendants also contend that even if the Court finds that the Trust contains Plan assets, the Secretary fails to plausibly allege how Associated breached its duty to monitor the Trustees, which compels dismissal of that claim. *Id.* at 14.

The Secretary responds that when employers and/or employees contribute assets to a multiple-employer trust—like the Trust, here—the assets are plan assets in which the ERISA plans, and their participants and beneficiaries, have a beneficial interest under the terms of the governing trust agreement, even though the trustee possesses legal title. *See* ECF No. 15 at 7. The Secretary explains that Defendants are properly considered both service providers and fiduciaries because the Trust's assets were Plan assets, and they possessed authority or control over those assets. *Id.*

Here, the parties agree that the various Participating Employers each established and maintained an employee welfare benefit plan covered by ERISA. *See* ECF No. 1 ¶¶ 18–22. It is also undisputed that the Participating Employers paid contributions to the Trust, and the Trust used some of those contributions to pay insurance carriers to insure the medical benefits provided by the Plans' insurance coverage, to pay entities providing the Plans with administrative services, and to maintain the remaining funds in the Trust's reserve fund. *See id.* at ¶¶ 28, 38. To decide whether the Secretary has alleged sufficient factual matter to state a plausible claim to relief under ERISA, the Court must first determine whether the Secretary sufficiently pled that the Trust contained Plan assets. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570.

> **i. The Secretary sufficiently alleges causes of action under ERISA related to ERISA-covered Plan assets held by the Trust.**

ERISA protects "the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b). ERISA applies to "any employee benefit plan if it is established or maintained . . . by any employer . . . or . . . by any employee organization . . . or by both." *Id.* § 1003(a)(1)-(3). "Employee benefit plans" come in two types. *Id.* § 1002(3). The first category, the "employee welfare benefit plan," provides medical benefits and any benefits "other than pensions on retirement or death." *Id.* § 1002(1). The second category, the "employee pension benefit plan," "provides retirement income" or "results in a deferral of income [until retirement]." *Id.* § 1002(2)(A)(i)-(ii). The first type of benefit plan is at issue here. *See* ECF No. 1 at ¶ 19. The Participating Employer Plans were a "multiple employer welfare arrangement." *See* § 1002(40); ECF No. 1 at ¶ 21.

ERISA imposes strict fiduciary duties on persons who administer employee welfare benefit plans. *See* § 1002(21)(A) (defining persons qualifying as plan fiduciaries); *see also id.* § 1101 *et seq.* (establishing specific fiduciary duties and liability for breaches of these duties). Specifically, ERISA defines a fiduciary as anyone who:

> (i) . . . exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS ~ 11

control respecting management or disposition of its assets, (ii) . . . renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) . . . has any discretionary authority or discretionary responsibility in the administration of such plan.

§ 1002(21)(A). "[A] person's actions, not the official designation of his role, determine whether he enjoys fiduciary status." *Acosta v. Pac. Enterprises*, 950 F.2d 611, 618 (9th Cir. 1991). Importantly, an ERISA plan cannot serve as its own fiduciary with respect to its own assets. *Id.*

ERISA "plan assets" are defined "by such regulations as the Secretary may prescribe . . . ." 29 U.S.C. § 1002(42). Importantly, the relevant regulation provides that "[w]hen a plan acquires or *holds an interest in any entity* . . . which is established or maintained for the purposes of offering or providing any benefit . . . to the participants or beneficiaries of the investing plan, its assets will include its investment and *an undivided interest in the underlying assets of that entity*." 29 C.F.R. § 2510.3-101(h)(2) (emphasis added). Although the Ninth Circuit has yet "to delineate the precise boundaries" of the "plan assets" phrase, "ERISA's legislative history makes clear that 'the crucible of congressional concern was misuse and mismanagement of plan assets by plan administrators and that ERISA was designed to prevent these abuses in the future.'" *Acosta*, 950 F.2d at 620 (quoting *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140 n.8 (1985)

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS ~ 12

(citing 120 Cong. Rec. 29,932, 29,951, 29,954, 29,957, 29,961, 29,194, 29,196–97, 29,206 (1974)).  The Department of Labor interprets the phrase as "any property, tangible or intangible, in which the plan has a beneficial ownership interest."  U.S. Dep't of Labor, Off. Pension & Welfare Benefit Programs, Advisory Opinion, 93-14A, 1993 WL 188473, at *4 (May 5, 1993).  Defendants concede as much.  ECF No. 15 at 9.

Here, Defendants argue that the Secretary insufficiently pled ERISA claims because funds used to purchase insurance policies for the Plans are not ERISA plan assets.  *See id.* at 9-10.  However, Defendants' reliance on *Bos v. Bd. of Trs.*, 795 F.3d 1006, 1010 (9th Cir. 2015) is unavailing because there, the Ninth Circuit merely held that "unpaid contributions to employee benefit funds are not plan assets[.]" *Bos*, 795 F.3d at 1012.  This is not a case where the Participating Employers failed to remit contributions to the Trust.  Defendants' argument also ignores the fact that the Trust funds also included funds used to pay administrative costs and a reserve fund meant for the "exclusive purpose" of providing benefits to the participating employees and their beneficiaries for future contingencies.  *See* ECF No. 15-1 at 13, Art. V ¶ 4.

Defendants' other argument, that because the Trustees held legal title to the Plans' assets, the Trust held the entire ownership interest leaving no room for the Plans to hold a beneficial interest, is equally unpersuasive.  The Ninth Circuit has

counseled that "[t]o determine whether a particular item constitutes an 'asset of the plan,' it is necessary to determine whether the item in question may be used to the benefit (financial or otherwise) of the fiduciary at the expense of plan participants or beneficiaries." *Acosta,* 950 F.2d at 620.

Here, the Trust Agreement unambiguously provides that "the assets of the Trust Fund . . . shall be held for the <u>exclusive</u> purposes of providing benefits to participating employees and their beneficiaries and defraying expenses of administering the plan." ECF No. 15-1 at 13, Art. V § 4 (emphasis added). As fiduciaries, "[t]he Trustees shall . . . administer the Trust Fund <u>solely</u> in the interest of the participating employees and their beneficiaries and for the <u>exclusive</u> purpose of (a) providing benefits to participating employees and their beneficiaries and (b) defraying reasonable expenses of benefit plan administration." *Id.* § 5 (emphasis added).

Simply because the Trust held the Plans' assets does not mean that the Plans relinquished all interest in those assets. The Secretary's Complaint explains that the Trust Agreement explicitly reflects that the Plans maintained a beneficial ownership interest in the Trust's assets, exclusively intended to benefit the Plans' participants and beneficiaries, not the fiduciaries. *See id.; see also Acosta,* 950 F.2d at 620; ECF No. 1 at 2, ¶ 1.

1    Accordingly, the Court finds that the Secretary has sufficiently alleged that

2  the Trust's funds contained the Plans' assets, which is sufficient to support the

3  breach of fiduciary duty claims, if the Court accepts that allegation as true. *Iqbal*,

4  556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The Complaint contains far

5  "more [than a] formulaic recitation of the elements" sufficient to survive dismissal.

6  *See Twombly*, 550 U.S. at 555.

   **ii. The Secretary sufficiently alleges causes of action under ERISA related to Defendants' alleged breaches of their fiduciary duties.**

9    Defendants next argue that the Secretary's breach of fiduciary duty claims

10  must fail because the Secretary has failed to plead facts to support that Defendants

11  were fiduciaries over the Plans. The Secretary argues that its Complaint alleges

12  that the Trustees were ERISA fiduciaries under ERISA sections 3(21)(i) and (iii),

13  29 U.S.C. § 1002(21)(i), (iii), because they (1) exercised discretionary authority or

14  control respecting management of the Plans; (2) exercised authority or control

15  respecting management or disposition of the Plans' assets; and/or (3) had

16  discretionary authority or discretionary responsibility for administration of the

17  Plans. ECF Nos. 1 ¶ 33; 18 at 9. Defendant argues that the Complaint does not

18  state a claim that is facially plausible, but Defendants' sole bases for rebutting the

19  Secretary's allegations are that the assets in the Trusts were not the Plans' assets

20

1  and, therefore, they did not exercise discretionary managerial or administrative
2  control over the Plans or the Plans' assets.  ECF No. 19 at 4.
3     It is undisputed that the Trust Agreement governs the terms of the Trust.
4  ECF No. 15-1.  The Trust Agreement defines "employee welfare benefit plan" as
5  any lawful employee benefit plan administered by the Trust's Trustees.  *Id.* at 7,
6  Art. II § 3. The Association is identified as the "Plan Sponsor" for those plans.  *Id.*
7  at 8, Art. III, at § 3.  Here, both the Trust and the Plans were to be administered by
8  the Board of Trustees, which was to be comprised of six trustees identified as in
9  the Trust Agreement "as 'named fiduciaries', 'fiduciaries', and the 'plan
10 administrator', as those terms are used in [ERISA]." *Id.* at §§ 1-2.  Regardless of
11 whether the Trust acted as a "service provider" for the Plans, the Trust's Trustees
12 are explicitly considered fiduciaries as defined in the Trust Agreement and in
13 harmony with the ERISA-defined fiduciary definition, 29 U.S.C. § 1002(21)(A).
14 *See* ECF No. 15-1 at 7, Art. I ¶ 2 (purpose is to provide an entity to which
15 contributions can be paid to the Trust and through which the Trustees can create
16 and administer the Plans); 12, Art. V ¶¶ 1, 5 (Trustees' fiduciary duties, as imposed
17 by ERISA, require administration of the Trust to provide benefits and defray
18 benefit plan administration expenses).  The Secretary's Complaint sufficiently
19 alleges both contentions to support his claims.  *See also* ECF No. 1 at 10, ¶ 23, 25.
20

Notwithstanding, Defendants also argue that the Secretary fails to allege exactly how the Association breached its duty to monitor the Trustees. ECF No. 15 at 14. The Secretary alleged that the Association knew about the Trustees' ERISA violations, had authority to remove the Trustees it appointed, yet failed to undertake action to remedy those known violations. *See* ECF Nos. 18 at 26; 1 ¶ 67. The Secretary further alleged that the Association "failed to properly monitor the Trustees' actions" in violation of its fiduciary duties (loyalty, prudence and fidelity) under ERISA sections 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A), (B), (*id.* ¶ 67), and that the Trustees and the Association are liable as co-fiduciaries for each other's violations under ERISA section 405(a), 29 U.S.C. § 1105(a), (*id.* ¶¶ 66, 67(c), 73).

As such, the Secretary's breach of fiduciary duty and duty-to-monitor claims are sufficiently pled to withstand the relatively low threshold to survive Defendants' motion to dismiss for failure to state a claim. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 50 U.S. at 570).

### iii. The Secretary sufficiently alleges that his claims are within the applicable statute of limitations period.

The Court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) on the ground that it is barred by a statute of limitations, but only when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of*

*Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks omitted). ERISA claims with respect to a fiduciary's breach of any responsibility, duty, or obligation must be brought within six years of a breach of an ERISA violation. 29 U.S.C. § 1113(1)(A).

Here, the Secretary filed his Complaint in this action on February 24, 2017. ECF No. 1. As part of Defendants' Rule 12(b)(6) motion, Defendants argue that the Secretary's claims arising from events before May 27, 2010, should be dismissed because those claims are untimely. *See* Fed. R. Civ. P. 12(b)(6); ECF No. 15 at 18. Even though the parties executed tolling agreements that apply to claims arising after May 27, 2010 (*see* ECF No. 1 at 7, ¶ 17), Defendants argue that ERISA's six-year statute of limitations bars claims arising before that date. ECF No. 15 at 19.

The Secretary responds that Defendants' argument conflicts with ERISA, in that, the statute of limitation period runs "six years after . . . *the date of the last action* which constituted a part of the breach or violation." ECF No. 18 at 23 (citing 29 U.S.C. §1113(1) (emphasis added)). Although the initial act of the Trustees' vote to increase the fees it paid to AIMS occurred on December 31, 2009, it was not until June 28, 2010, when the Trustees "caused the Trust to pay" the fee increase to AIMS. *See* ECF No. 1 ¶ 39.

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS ~ 18

In other words, it is apparent on the face of the Complaint that the "date of the last action which constituted a part of the breach or violation" relates to the first payment, which occurred on June 28, 2010. *Id.*; *see also* 29 U.S.C. §1113(1). Accordingly, based on a review of the Complaint on its face, the applicable statute of limitation does not bar the allegations.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 12) is **DENIED**.

2. Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 15) is **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** July 31, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS ~ 19