**UNITED STASTES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

R. ALEXANDER ACOSTA,
U.S. Secretary of Labor,

                Plaintiff,

v.

JAMES DEWALT; ROBERT G. BAKIE; JACK L. FALLIS, JR.; JEFFREY A. BARTON; ASSOCIATED INDUSTRIES MANAGEMENT SERVICES, INC.; THE ASSOCIATED INDUSTRIES OF THE INLAND NORTHWEST; and THE ASSOCIATED EMPLOYERS HEALTH AND WELFARE TRUST,

                Defendants.

Civil Action No.
2:17-cv-00082-TOR

**STIPULATED PROTECTIVE ORDER
RE: CONFIDENTIAL INFORMATION**

**Hon. Thomas O. Rice**

All parties in this action have agreed to the terms of this Stipulated Protective Order (the "Order"); pursuant to that stipulation and Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order:

**1. Scope.** This Order applies as of the start of discovery in this litigation on October 26, 2017, the date of the parties' scheduling conference under Fed.R.Civ.P. 26(f). See ECF # 33 at 1.

**STIPULATED PROTECTIVE ORDER
RE: CONFIDENTIAL INFORMATION**

**2. Confidential Information.** As used in this Order, "Confidential Information" means information that a Designating Party marks as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and that falls within one or more of the following categories: (a) information prohibited by statute from disclosure; (b) information that reveals trade secrets; (c) other commercially sensitive information that the Designating Party has maintained as confidential and whose disclosure could cause financial or business-related injury to the Designating Party; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records.

> **(a)** Confidential Information includes both (1) information in documents, including deposition transcripts, marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and falling within one or more of the preceding categories and (2) information, derived from such documents, that discloses (including summarizes) the substance of such information.
>
> **(b)** Information or documents that are available to the public cannot be designated as Confidential Information.
>
> **(c)** Indices or lists that do not identify the substance of Confidential Information are not Confidential Information.
>
> **(d)** Confidential Information cannot include information that plaintiff

Secretary received before the date of this Order.

**3. Designation of Documents.**

**(a)** "Designating Party" means a named party to this litigation who designates Confidential Information in accordance with this Order. Only a named party to this litigation can be a Designating Party.

**(b)** In accordance with § 3 or § 4 below, a Designating Party may designate a document being produced through discovery as Confidential Information by placing or affixing the words, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," on the document and on all copies in a manner that will not interfere with the document's legibility. As used in this Order, "copies" includes electronic and non-electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.

**(c)** Applying the marking, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," protects or otherwise classifies a document only to the extent provided in this Order.

**(d)** Except as provided in § 4 below concerning deposition transcripts, a Designating Party must diligently attempt to identify and, if desired, designate Confidential Information before, in this action, producing any documents that contain Confidential Information.

**(e)** Plaintiff Secretary of Labor ("Secretary") has agreed that, by marking a

document as Confidential Information, the Designating Party thereby requests that the Secretary treat the Confidential Information as exempt from the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), under FOIA Exemption 4 (for "trade secrets and . . . commercial or financial information . . [that is] privileged or confidential") and/or Exemption 6 (for personal information of which disclosure "would constitute an unwarranted invasion of personal privacy"). 5 U.S.C. § 552(b)(4), (6).

**(f)** Where a Designating Party designates all or part of a document (including a deposition transcript) as Confidential Information, that designation operates as a representation by that Designating Party's counsel of record in this action that the designated material contains Confidential Information as defined by § 2 above in this Order.

**4. Designation of Deposition Testimony.** To be eligible to designate any part of a deposition transcript as Confidential Information, the Designating Party must obtain a copy of the deposition transcript within sixteen calendar days after the testimony is recorded at the deposition. The deposition testimony shall be treated as Confidential Information until the expiration of ten calendar days after the Designating Party receives a copy of the deposition transcript. Within this ten-day period, a Designating Party may serve a Notice of Designation to all parties of record as to the specific portions of the testimony that are designated Confidential

Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. A Designating Party may consent to withdraw a confidentiality designation from any portion of a deposition transcript.

**5. Protection of Confidential Information.**

 **(a) General Protections.** Confidential Information can only be used or disclosed by the parties, the parties' counsel, or any other persons identified in subparagraph 5.b only for conduct of this litigation, including any appeal thereof.

 **(b) Permitted Disclosures**. The parties, parties' counsel, any person who has signed a copy of this Order's Exhibit A (titled "Acknowledgment and Agreement to be Bound"), and deposition witnesses personally served with a copy of this Order shall not disclose and shall not either knowingly or negligently permit the disclosure of any Confidential Information to any person or entity other than those in subparagraphs (i) - (ix) below.

  **(i)** *Counsel*. Parties' counsel and counsel's employees who have responsibility concerning this action;

  **(ii)** *Parties*. Individual parties and a party's employees, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to conduct of this

litigation.  For the Secretary, "party's employees" shall mean employees of the Department of Labor;

**(iii)** *The Court and Its Personnel*;

**(iv)** *Court Reporters and Recorders*.  Court reporters and recorders engaged for depositions, hearings, court-sponsored conferences, or similar matters;

**(v)** *Contractors*.  Those persons specifically engaged for the limited purpose of copying, organizing, or processing documents, including outside vendors hired to process electronically stored documents;

**(vi)** *Consultants and Experts*.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have signed a copy of this Order's Attachment A, titled Acknowledgment and Agreement to Be Bound;

**(vii)** *Witnesses at Depositions*.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have been served with a copy of this Order. Witnesses shall not retain a copy of documents containing Confidential Information, except that witnesses may receive a

copy of all exhibits marked at their depositions in connection with review of the witness's deposition transcript.

**(viii)** *Author or Recipient*. An author or recipient of the document (not including a person who first received the document as a result of this litigation); and

**(ix)** *Others by Consent*. Other persons only by written consent of the Designating Party or upon this Court's order.

**(c) Control of Documents**. The parties and their counsel shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. For three years after this case terminates, counsel shall maintain the originals of their copies of this Order's Attachment A, titled Acknowledgment and Agreement to Be Bound, signed by persons acknowledging their obligations under this Order.

**(d) Designating Party's Use of Its Own Confidential Information.** This Order does not restrict any Designating Party from using or disclosing its own Confidential Information for any purpose.

**(e) Other Agreements Not Foreclosed.** This Order does not foreclose either the parties' agreements to keep confidential other documents, information, things, or any party's application to the Court for protection of other documents, information, or things.

**6. Waiver and Nonwaiver of Protection.**

(a) Each party has agreed that it will not assert that a Designating Party has waived any protection under this Order where:

(i) before producing the Confidential Information in question, the Designating Party had diligently reviewed its records to identify documents eligible for designation as Confidential Information; and

(ii) for documents other than deposition transcripts, upon learning that it either has not designated particular eligible documents as Confidential Information or has designated particular Confidential Information erroneously, the Designating Party either timely designates the particular documents as Confidential Information or timely corrects its pre-existing designation.

(b) Where a party fails to designate eligible documents other than deposition transcripts as Confidential Information in circumstances other than those defined in § 6(a)(i) and § 6(a)(ii) above, this Order does not protect those undesignated documents.

(c) If a party does not designate particular deposition testimony as Confidential Information in accordance with § 4 above, that deposition

testimony cannot thereafter be designated as Confidential Information.

**(d)** If a Designating Party files Confidential Information not under seal and without redaction in a court filing, the Designating Party thereby abandons its designation of that Confidential Information.

**(e)** This Order will not be deemed violated by a failure to maintain documents' confidentiality during a time when those documents were not designated as Confidential Information.

**7. Filing of Confidential Information.** This Order does not authorize any document's filing under seal. Where a party wishes to file with the Court under seal any Confidential Information or any material referring to Confidential Information, the filing party must obtain the Court's permission to do so. Before moving the Court for permission to file Confidential Information under seal, the filing party must meet and confer with the Designating Party to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion or stipulation to seal is warranted. As stated in the scheduling order entered as ECF #36 in this action, "'compelling reasons' must be shown to seal records attached to a dispositive motion, and 'good cause' must be shown to seal records attached to a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006)."

**8. No Greater Protection of Specific Documents.** Except on privilege or

STIPULATED PROTECTIVE ORDER
RE: CONFIDENTIAL INFORMATION   9

work product grounds, which this Order does not address, no party may withhold discoverable information on the ground that it requires protection greater than this Order affords, unless the Court enters an order providing such greater protection.

**9. Challenges to Designation of Confidential Information.**

    **(a) Meet and Confer.** A party challenging a Confidential Information designation must do so in good faith. Before filing any motion challenging the designation, the party must first confer directly with the Designating Party's counsel. In conferring, the challenging party must explain the basis for its challenge and must give the Designating Party an opportunity to review, explain, and reconsider the challenged designation. The Designating Party must respond to the challenge within five (5) business days after first being notified of the challenge.

    **(b) Telephonic Conferences With the Court.** Without filing a motion but only after complying with § 9(a) above, counsel may contact chambers to schedule a telephonic conference to obtain an expedited ruling on designation challenges.

    **(c) Judicial Intervention.** A party may challenge a confidentiality designation by filing and serving a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such

motion must be accompanied by a competent declaration that explains how the movant has complied with this Order's meet-and-confer requirements.  The Designating Party retains the burden of persuasion in any such motion.  Until the Court rules on the challenge, all parties shall continue to treat the disputed material as Confidential Information.

**10.  Use of Confidential Information on Motion, at a Hearing, or at Trial.** Nothing in this Order shall be construed to affect the Court's use of any document, material, or information at any trial or hearing, and further Court orders may govern the use of Confidential Information at a hearing or at trial.

**11.  Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)**  If a receiving party is served with a subpoena or a court order issued in other litigation for disclosure of Confidential Information, the receiving party must immediately thereafter notify the Designating Party in writing and provide the Designating Party with a copy of the subpoena or court order.

**(b)**  Immediately after being served with such a subpoena or court order, the receiving party must in writing inform the party who issued the subpoena or who seeks to enforce the court order that this Order applies to some or all of the material covered by the subpoena or court

order. Also immediately after being served with such a subpoena or court order, the receiving party must deliver a copy of this Order promptly to the party who issued the subpoena or who seeks to enforce the court order.

**(c)** The receiving party must cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

**(d)** The purpose of imposing these duties is to alert the interested persons to this Order's existence and to afford the Designating Party in this case an opportunity to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection of its Confidential Information in that court, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey another court's lawful directive. The obligations set forth in this paragraph apply to a receiving party as long as it has possession, custody, or control of Confidential Information.

**12. Challenges to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Designating Party asserting confidentiality will have the burden of

demonstrating the propriety of filing under seal.

**13. Obligations on Conclusion of Litigation.**

    **(a) Order Continues in Force.** Unless otherwise ordered, this Order shall remain in force after one or more final judgments have resolved all claims in this case and are no longer appealable.

    **(b) Retention of Jurisdiction.** This Court retains jurisdiction to enforce this Order after one or more final judgments have resolved all claims in this case and are no longer appealable.

    **(c) Obligations.** Within sixty (60) days after one or more final judgments have resolved all claims in this case and are no longer appealable, the receiving party shall destroy all documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, unless the document has been offered into evidence, filed without restriction as to disclosure, or the designation as Confidential Information has been waived by the Designating Party or removed by order of the Court.

    **(d) Retention of Work Product and One Set of Filed Documents.** Notwithstanding § 13(c) above, counsel may retain:

        **(i)** attorney work product, including an index that refers or relates to designated Confidential Information, so long as that

work product does not duplicate verbatim substantial portions of Confidential Information; and

**(ii)** one complete set of all documents filed with the Court, including those filed under seal.

**(e) Use in Subsequent Litigation.** An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

**(f) Deletion of Documents Filed Under Seal From the Electronic Case Filing (ECF) System.** Nothing in this Order shall be interpreted to direct the Court's maintenance or disposition of Confidential Information filed under seal. Filings under seal shall be deleted from the Court's ECF system only pursuant to the Court's procedures or upon order of the Court.

**14. Secretary's Responsibilities Under ERISA § 506(b).** Nothing in this agreement shall preclude or limit the Secretary's use or disclosure of Confidential Information in fulfilling his responsibilities under ERISA § 506(b), 29 U.S.C. § 1106(b).

//

//

//

**15. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and other persons made subject to this Order by its terms.

**SO ORDERED.**

ENTERED this 9th day of August, 2018


_____
THOMAS O. RICE
Chief United States District Judge

| | |
|---|---|
| FOR DEFENDANTS<br>JAMES DEWALT, ET AL.: | FOR R. ALEXANDER ACOSTA,<br>U.S. SECRETARY OF LABOR: |
| | KATE O'SCANNLAIN<br>Solicitor of Labor |
| /s/ Amanda S. Amert_____<br>AMANDA S. AMERT<br>Jonathan A. Enfield<br>Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, Illinois 60654-3456<br>(312) 222-9350 | G. WILLIAM SCOTT<br>Associate Solicitor<br>   for Plan Benefits Security<br><br>ROBERT FURST<br>Counsel for Litigation |
| Christopher J. Rillo<br>Jenner & Block LLP<br>50 California Street, 15th Floor<br>San Francisco, CA 94111 | /s/ Peter Dolan_____<br>PETER DOLAN, Senior Trial Attorney<br>EIRIK CHEVERUD, Trial Attorney<br>MARC SARATA, Trial Attorney |
| Thomas W. McLane<br>Law Firm of Thomas W. McLane<br>   PLLC<br>103 E. Indiana Avenue, Suite A<br>Spokane, WA 99201<br>(509) 290-6968 | Plan Benefits Security Division<br>Office of the Solicitor, U.S. Dept. of Labor<br>200 Constitution Ave., N.W., Rm N-4611<br>Washington, D.C. 20013<br>(202) 693-5612 |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

# ATTACHMENT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of _____ _____ [*print or type full address*] declare under penalty of perjury that I have received and read in its entirety the Stipulated Protective Order re: Confidential Information, issued on <u>August 9, 2018 as ECF # 53</u> by the U.S. District Court for the Eastern District of Washington in ***R. Alexander Acosta v. James DeWalt, et al.*, Case No. 2:17-cv-00082-TOR**. I have read and I understand the Protective Order's terms and agree to be bound by those terms. I understand that the Protective Order's terms obligate me to use materials designated as Confidential Information in accordance with the Protective Order solely for the purposes of the indicated litigation and not to disclose any such Confidential Information to any other person, firm, or concern not authorized by the Protective Order. I understand that violation of the Protective Order may result in penalties for contempt of court.

I submit to the jurisdiction of the U.S. District Court for the Eastern District of Washington in matters relating to the Protective Order, even if such proceedings occur after this litigation's termination.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____