Robert L. Furst
Peter B. Dolan
Eirik J. Cheverud
Marc Sarata
Office of the Solicitor
U. S. Department of Labor
200 Constitution Ave, N.W. #N4611
Washington, D.C. 20210
Tel: (202) 693-5637

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

R. ALEXANDER ACOSTA,
 Secretary of Labor, United States
Department of Labor,

          Plaintiff

       v.

JAMES DEWALT, ET AL.,

         Defendants.

Case No. 2:17-cv-00082-TOR

CONSENT ORDER

## <u>CONSENT ORDER</u>

Plaintiff R. Alexander Acosta, Secretary of Labor, United States

Department Labor ("Secretary") filed a complaint ("Complaint") in the above

captioned action against James DeWalt; Robert G. Bakie; Jack L. Fallis, Jr.;

Jeffrey A. Barton; Associated Industries Management Services, Inc.

("AIMS"); Associated Industries of the Inland Northwest ("AIIN"); and

Associated Employers Health and Welfare Trust (collectively, the

CONSENT ORDER - 1

"Defendants") under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as amended. After negotiation, the Secretary, the Defendants, and the Trusts that are signatories to this consent order (collectively referred to as the "Parties," or individually as a "Party") hereby stipulate to the findings and consent to the terms and this Court's entry of this consent order ("Order") as the sole and complete memorialization of the final resolution and settlement of all claims and issues in this action.

1. The Secretary alleged that Defendants violated their ERISA fiduciary duties and engaged in transactions prohibited by ERISA from 2009 through 2014. The alleged violations involved payments to defendant AIMS for administrative services rendered to numerous ERISA-covered employee benefit plans and to the Associated Employers Health and Welfare Trust (the "AET Trust"). The alleged payments were made using assets held in trust by the AET Trust for those plans. In his complaint, the Secretary named the AET Trust as a defendant under Fed. R. Civ. P. 19(a) solely to enable the Court to award complete relief.

2. Five other trusts, which are successors to the AET Trust, are signatories to this Order. These five other trusts are: the Associated Employers Trust Commercial Construction Health and Welfare Trust, the Columbia Retail Benefits

Trust, the Greater Columbia Manufacturing Benefits Trust, the Greater Northwest Health Industry Benefits Trust, and the Pacific Business Resource Benefits Trust. Each of these trusts has voluntarily submitted itself to this Court's jurisdiction for the purposes of enforcing this Order. This Order refers to the AET Trust and these five trusts collectively as the "Trusts."

3. The Court has jurisdiction over the subject matter of this action and has jurisdiction over the Parties.

4. The Parties agree that venue of this action properly lies in this Court.

5. In agreeing to this Order, Defendants neither admit nor deny any allegation in the Secretary's complaint, except those allegations that concern federal jurisdiction and venue. To that end, Defendants admit that federal jurisdiction exists over this action and that venue in this Court is proper.

6. As part of his basis for agreeing to this Order, the Secretary has relied on written and sworn financial disclosures from defendants James DeWalt, Robert G. Bakie, and AIIN.

7. The Parties waive any trial of all issues arising from the Secretary's complaint in this action.

8. The Parties consent to the terms and entry of this Order by the Court. Furthermore, the Parties expressly authorize their respective attorneys or agents to make the relevant agreements set forth in this Order, to sign this Order, and to

CONSENT ORDER - 3

consent to the Court's entry of this Order as submitted by the Parties. The Parties represent that counsel of their choosing has informed them of the Order's effects and purposes, including its settlement terms.

9. As part of the settlement, Defendants James DeWalt; Robert G. Bakie; Jack L. Fallis, Jr.; Jeffrey A. Barton; Associated Industries Management Services, Inc.; and Associated Industries of the Inland Northwest ("Paying Defendants") agree to pay, or cause to be paid on their behalf, $1,000,000.00 (the "Settlement Amount"), to AIIN. AIIN agrees to segregate and hold the Settlement Amount in trust for the benefit of the participants and beneficiaries of the participating ERISA plans, pending the appointment of an Independent Fiduciary as set forth herein. Upon appointment of the Independent Fiduciary, AIIN agrees to pay the Settlement Amount to the Independent Fiduciary, who shall hold the Settlement Amount in trust for use only as set forth herein. Furthermore, the Paying Defendants agree to pay, or cause to be paid on their behalf, $200,000.00 to the U.S. Department of Labor, representing a penalty assessed by the Secretary under ERISA § 502(l), 29 U.S.C. § 1132(l).

10. The Secretary and his employees, agents, other representatives, predecessors in interest, and successors in interest forever release and otherwise discharge any and all claims (including any civil money penalty under ERISA section 502(l), 29 U.S.C. § 1132(l)) arising all or in part from the AET Trust's

CONSENT ORDER - 4

payments to AIMS during the period June 2010 through February 2014 for administrative services that AIMS provided to the AET Trust and the plans during 2009 through 2013, as against (a) James DeWalt; (b) Robert G. Bakie; (c) Jack L. Fallis, Jr.; (d) Jeffrey A. Barton; (e) Associated Industries Management Services, Inc. and its officers, directors, agents, employees, administrators, predecessors in interest, and successors in interest; (f) Associated Industries of the Inland Northwest and its officers, directors, agents, employees, administrators, predecessors in interest, and successors in interest; and (g) the Trusts and their officers, directors, agents, trustees, employees, administrators, predecessors in interest, and successors in interest.

11. The Trusts and all Defendants, and their employees, agents, other representatives, administrators, predecessors in interest, and successors in interest forever waive, release, and discharge any and all claims that any of them may have against the Secretary, his employees, agents, other representatives, predecessors in interest, or successors in interest, arising all or in part from the Secretary's investigation, filing, prosecution, maintenance, or settlement of this action, including but not limited to, any claims arising under the Equal Access to Justice Act, 28 U.S.C. § 2412.

12. This Order is the sole record and sets forth all terms of the settlement of this action. The settlement memorialized herein becomes effective only upon the

Court's entry of this Order upon the docket, and can only be modified by a subsequent Court order.

**BASED** on the Court's findings and the undersigned Parties' admissions, stipulations, and agreements set forth above, the Court hereby **ORDERS, AND DECREES** as follows:

13. This Order fully resolves all claims that the Secretary pleaded, alleged or could have pleaded, based on the facts alleged in the Secretary's complaint in this action.

14. Within 20 calendar days after the Court enters this Order, Paying Defendants shall pay, or cause to be paid on their behalf, a total of $1,000,000.00 (the "Settlement Amount") to AIIN to be segregated and held in trust pending the Independent Fiduciary's appointment as set forth herein. Upon the Independent Fiduciary's appointment, AIIN shall pay the Settlement Amount to the Independent Fiduciary who shall hold the Settlement Amount in trust and for use as set forth herein.

15. Within 20 calendar days after the Court enters this Order, Paying Defendants shall pay, or cause to be paid on their behalf, $200,000.00 (the "502(l) Payment") to the U.S. Department of Labor, representing a penalty assessed by the Secretary under ERISA § 502(l), 29 U.S.C. § 1132(l).

If sent through the U.S. Postal Service, this payment shall be sent to:

U.S. Department of Labor
ERISA Civil Penalty
P.O. Box 71360
Philadelphia, PA 19176-1360

The check will be made payable to the United States Department of Labor and will reference EBSA Case No. 71-010457(48). If Paying Defendants or a payor on their behalf want to send this check by commercial express courier, they shall contact Soroosh Nikouei at the Department of Labor (Nikouei.Soroosh@dol.gov or 202- 693-8486) and follow his instructions.

16. Within 10 calendar days after payment of the Settlement Amount and the 502(l) Payment, Paying Defendants shall send to the Secretary documentary proof of the relevant payee's receipt of each payment. Such proof shall be sent to the Secretary's representatives at the following addresses:

Regional Director
Employee Benefits Security Administration
U.S. Department of Labor
San Francisco Regional Office
90 7th Street, Suite 11-300
San Francisco, CA 94103

Associate Solicitor
Plan Benefits Security Division
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, D.C. 20013

17.  **Independent Fiduciary.**  The Trusts, individually and collectively, will retain an independent fiduciary ("Independent Fiduciary") to negotiate, for the period of time beginning with the entry of this Order and ending on December 31, 2027, (1) all contracts between the Trusts and companies providing third party administrative ("TPA") services to the Trusts ("TPA Provider") and (2) if applicable, non-TPA contracts between the Trusts, on one hand, and AIMS, AIIN, or any entity under common control with AIMS or AIIN, on the other hand, as discussed below.  The Independent Fiduciary's actions will be governed by the following terms and conditions.

17.a.  *Independence.*  The Independent Fiduciary shall not control AIMS or AIIN, nor shall the Independent Fiduciary be under control of, or under common control with, AIMS or AIIN.  The Independent Fiduciary will be paid as described in paragraph 17.c.2 below and have his or her compensation disclosed like that of a TPA Provider, as referenced in paragraph 19 below.

17.b.  *Impartial Conduct.*  The Independent Fiduciary will be bound by the following Standards of Impartial Conduct:  The Independent Fiduciary must act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a

like character and with like aims, based on the objectives, risk tolerance, financial circumstances, and needs of the plan(s), without regard to the financial or other interests of the Independent Fiduciary, any affiliate or other party.

17.c.  *Compensation of Independent Fiduciary.*

17.c.i.  <u>Amount of Compensation</u>.  All compensation received by the Independent Fiduciary and his, her, or its affiliates in connection with any transaction involving the Trusts or the plan(s) shall not exceed compensation for services that is reasonable within the meaning of ERISA section 408(b)(2), 29 U.S.C. § 1108(b)(2).

17.c.ii.  <u>Source of Funds for Compensation</u>.  The Settlement Amount shall be paid into a segregated account, which the Independent Fiduciary will hold in trust, for the Independent Fiduciary's use, in his or her discretion, for the exclusive benefit of the Trusts' participants and beneficiaries (in the event that the Trusts are ERISA plans) or, in the alternative, for the exclusive benefit of the participants and beneficiaries of the ERISA plans participating in the Trusts.  The Independent Fiduciary's compensation shall be paid from such settlement funds until such time as the funds are exhausted by payment of the compensation or otherwise.

17.c.ii.1.  In the event that such funds are exhausted before the Independent Fiduciary's compensation is fully paid, the Trusts shall pay the Independent Fiduciary's compensation.

17.c.ii.2.  In the event that the funds are not exhausted by the Independent Fiduciary's compensation and other discretionary utilization described above, such funds shall be apportioned *pro-rata* among the Trusts, based on the number of employers participating in each Trust, to be held in each Trust by the respective trustees of each Trust (collectively, the "Trustees") and to be used for the Trusts' participants' and beneficiaries' exclusive benefit (in the event that the Trusts are ERISA plans) or, in the alternative, for the exclusive benefit of the participants and beneficiaries of the ERISA plans participating in the Trusts.

17.d.  *Selection.*  The Independent Fiduciary will have appropriate credentials and experience, including relevant employee benefits experience in the state of California, Washington, Oregon, or Idaho.  The Department will provide a list of three vetted proposed Independent Fiduciaries to the Trustees.  The Trustees will select and hire the Independent Fiduciary from that list.  An Independent Fiduciary shall be in place through December 31,

2027.  Upon his selection under this Order's terms, the Independent

Fiduciary will be in place for an initial 3-year term, with the potential for

two (2) subsequent 3-year terms, which shall not extend beyond December

31, 2027.

17.d.i.  From 2019 to 2027, if the selected Independent Fiduciary

does not agree to a second or third 3-year term, or if the Trustees

determine there is a reasonable and lawful reason not to renew that

Independent Fiduciary's term because of unsatisfactory performance,

then the Trustees and the Department will engage in another selection

process for a successor Independent Fiduciary, using the process set

forth above.

17.d.ii.  Effective January 1, 2028, the Trustees shall no longer be

required to employ an Independent Fiduciary under this Order and

shall be free to determine a fiduciary arrangement that aligns with the

Trustees' ERISA-based fiduciary responsibilities.

17.e.  *Removal of Independent Fiduciary*.  The Trustees shall have the

power to remove the Independent Fiduciary for a reasonable and lawful

reason, and such removal shall be done in compliance with the Trustees'

fiduciary duty to monitor the Independent Fiduciary.  In the event of

removal or resignation of the Independent Fiduciary before January 1, 2028,

the Trustees shall notify the Department of Independent Fiduciary's removal or resignation, at which time the selection process outlined herein shall be employed to select a successor Independent Fiduciary.

17.f. *Authority.* The Independent Fiduciary will have the sole responsibility and authority to select all TPA Providers for the Trusts. The Independent Fiduciary will have the authority to negotiate all contracts between the Trusts and TPA Providers.

17.f.i. The Trustees and the Trusts shall not enter into any contract; arrangement; agreement; or proposal for the provision of goods or services, whether designated as for TPA services or otherwise, between the Trusts and AIMS, AIIN, or any entity under common control with AIMS or AIIN, without the Independent Fiduciary's approval. The Trusts and the Trustees shall advise the Independent Fiduciary of any intent to enter into any contract; arrangement; agreement; or proposal for the provision of goods or services, whether designated as for TPA services or otherwise, between the Trusts, on one hand, and AIMS, AIIN, or an entity under common control with AIMS or AIIN, on the other hand. The Independent Fiduciary will have the sole authority to terminate, re-negotiate, or issue a request for proposal for all contracts,

arrangements, or agreements between the Trusts and AIMS, AIIN, or an entity under common control with AIMS or AIIN.

17.f.ii.  With respect to any payments that the TPA Provider may receive directly or indirectly from any source other than the Trusts in connection with services to the Trusts, the Trusts shall require its service providers:

17.f.ii.1.  to disclose to the Trusts the service provider's potential claim to or receipt of such payments, and

17.f.ii.2.  to transfer to the Trusts any such payments not disclosed to the Trusts.

17.g.  *TPA Provider Selection.*  Consistent with ERISA plan documents, AIIN has the authority to determine what employee benefits are provided by or through the Trusts.  The Independent Fiduciary shall select the TPA Provider(s) to the Trusts in accordance with his or her ERISA fiduciary duties.  The Independent Fiduciary shall use his or her professional judgment to determine which TPA Provider to employ, and in doing so, may consider all reasonable factors, in addition to the cost of the TPA Provider's services.

17.h.  *Request for Proposal.*  Within 60 calendar days of the Independent Fiduciary's appointment, the Independent Fiduciary shall

request bids for the TPA Provider services to be provided to the Trusts from at least three (3) potential TPA Providers, in addition to AIMS. In making the selection of potential TPA Providers from which to solicit bids, the Independent Fiduciary shall use his or her professional judgment to determine which potential TPA Providers can and will best provide TPA Provider services to the Trusts. The Independent Fiduciary shall make his or her best efforts to obtain bids from at least three potential TPA Provider(s) in addition to AIMS, but may select the TPA Provider(s) for the Trusts at least 60 calendar days after the bids are sought if the Independent Fiduciary does not receive bids for the requested services from three potential TPA Providers other than AIMS. The Independent Fiduciary shall not be required to choose the lowest-priced proposal, but may exercise his or her judgment as described herein.

17.h.i. If AIMS is a TPA Provider to the Trusts, the Independent Fiduciary shall put the TPA Provider services for the Trusts out to bid no less frequently than every three (3) years, but shall have the authority to put the TPA Provider services out to bid more frequently if he or she determines, in his or her discretion, that it is necessary or in the best interests of the participants and beneficiaries of the plans participating in the Trusts.

17.h.ii. For any part of the Trusts for which AIMS is not a TPA Provider, the Independent Fiduciary shall exercise his or her judgment, as described herein, to determine whether and when to put the TPA Provider services for that Trust out to bid based on the best interests of the participants and beneficiaries of the plans participating in that Trust.

17.h.iii. Upon learning of any contract, agreement, arrangement, or proposal for the provision of goods or non-TPA Provider services, other than the performance of plan sponsor activities, between the Trusts and AIMS, AIIN, or an entity under common control with AIMS or AIIN, the Independent Fiduciary shall attempt to obtain bids from at least three (3) other service/goods providers that the Independent Fiduciary reasonably believes can and will provide the services/goods to the Trusts. The Independent Fiduciary shall choose the winning proposal, exercising his or her judgment as required by his or her ERISA fiduciary duties, as described herein. In the event that AIMS, AIIN, or an entity under common control with AIMS or AIIN is chosen by the Independent Fiduciary to provide the services/goods to the Trusts, it shall be within the Independent

Fiduciary's authority to determine whether a request for proposal is necessary for any renewal or renegotiation of such contract.

18. **Trustees.** AIIN and the Trusts shall amend the Trusts' trust agreements to provide the following:

18.a.  Each of the Trusts shall have at least three (3) Trustees, each appointed by that Trust's participating employers;

18.b.  The same person may serve as Trustee to more than one of the Trusts; and

18.c.  Any participating employer that is employed by or receives compensation from AIMS or an entity under common control with AIMS shall recuse itself from the selection process for the Trustees.

19. **Compensation Disclosure.** The disclosures set forth in this paragraph will be effective only after an Independent Fiduciary is selected and then after the Independent Fiduciary has selected the TPA Provider(s) for the Trusts. The Independent Fiduciary will require the creation and distribution of the following compensation disclosures. AIIN and the Trusts shall amend the Trusts' trust agreements to require disclosures as set forth herein. The Independent Fiduciary will be responsible for approving the original disclosure forms and any amendments to the disclosure forms. The compensation disclosure requirements are as follows:

CONSENT ORDER - 16

19.a. *Disclosures Prior to Signing Group Master Application*. The Trusts shall make the following disclosures, or cause them to be made, regarding the Trusts' (1) TPA Providers and (2) service providers who receive compensation calculated as a percentage of (i) a participating plan's or employer's contributions to the Trusts, or (ii) the insurance premiums paid by a participating plan or employer.[1] The disclosures will be made available to potential participating employers in anticipation of the annual enrollment period by making them available on the Trusts website(s) or in an attachment to the Group Master Application ("GMA").[2]

19.a.i. Method of Disclosure. If this information is made available via a website(s), a notice will be appended to the GMA, and signed by participating employers, explaining how to find this information on the website(s), and the information will remain available on the website(s) after the annual enrollment period. If the information is made available through the GMA, the information will be prominently appended to the GMA and signed by the participating

---

[1] Collectively, these TPA Providers and other service providers are referred to herein as "Disclosed Providers."
[2] The GMA is the initial application or subsequent renewal application by the ERISA plan or sponsoring employer for insurance coverage.

employers prior to or contemporaneously with the participating

employers executing the GMA.

19.a.ii.  <u>Content of Disclosure</u>. This initial fee disclosure shall

include the following:

19.a.ii.1.  The fees to be paid to the Disclosed Providers,

expressed as set forth in the Disclosed Provider's contract as

either PEPM or percentage fees.  If expressed as a percentage

fee, the disclosure shall include the Trusts' "load table," a

previous version of which is attached hereto as an example,

which shall include the percentage of the quoted rate that will

be paid to the insurance carriers for premiums and the aggregate

percentage that will be paid to each Disclosed Provider for fees;

19.a.ii.2.  A listing and description of any consideration,

direct or indirect, to be paid to a Disclosed Provider that is not

included in the disclosure of fees listed in paragraph 20.a.ii.2.,

above;

19.a.ii.3.  The Trustees' express certification that the

Disclosed Providers have verified that, in connection with their

services provided to the Trusts, they will receive no

CONSENT ORDER - 18

compensation or consideration, direct or indirect, other than those specifically disclosed in accordance with this Order;

19.a.ii.4. For each Disclosed Provider, a description of the type of services provided to the Trusts;

19.a.ii.5. For each Disclosed Provider providing services to the Trusts who is under common control with AIIN or AIMS, a description of the relationship between the Disclosed Provider and AIIN or AIMS, including but not limited to the Disclosed Provider's ownership structure;

19.a.ii.6. The amount, as a percentage fee or as a PEPM amount, of all consideration the Disclosed Provider received from the Trusts during the previous year; and

19.a.ii.7. If the fees are expressed as a percentage, an illustrative example of the calculation used to determine the contribution amount billed to the participating employer and the disbursement of the contribution remitted by the employer to the insurance carriers and all the Disclosed Providers. The illustrative example shall include the mathematical formula(s) used to determine the dollar amount owed to each service provider and shall specify whether the percentage is applied

against the premium paid to the insurer, to the total amount contributed by the participating employer, or some other amount.

19.b. _Monthly Billing Statement_. The Trusts shall make the following disclosures on a monthly basis. The monthly billing statement provided to the participating employers will continue to show the total billed amount due and owing for the month. In addition, an addendum to the monthly billing statement will break out the total billed amount to show how much of the total billed amount will be paid to the insurance carriers as premiums and how much will be paid to each Disclosed Provider as fees or other compensation.

20. **Fiduciary Training.** AIIN shall provide all Trustees and Disclosed Provider staff involved with duties to the Trusts with an annual training. Each new Trustee to one of the Trusts will receive fiduciary training within three months of becoming a Trustee. Training will be provided by a qualified attorney, and will include an explanation of ERISA fiduciary duties, an explanation of the Trusts' structure and operation, and providing each fiduciary with a copy of the DOL's publications, "Meeting Your Fiduciary Responsibilities," and "Understanding Your Fiduciary Responsibilities Under a Group Health Plan," or equivalent publications.

21.  **Independent Auditor.**  The Trusts will maintain an auditor with no other business relationship with AIMS or AIIN in the audited year.  The auditor may be a participating employer in one of the Trusts. The auditor's directors may not sit on AIIN's board of directors, the Trusts' boards of Trustees, or any related entities' governing boards.

22.  **Restrictions on Serving as Trustee.**  All AIMS employees will be barred from serving as Trustees to any of the Trusts.  However, AIMS's employees are not barred from serving as a trustee or fiduciary to any other trust, other employee benefit plan, or other organization other than the Trusts.

23.  The Parties shall bear their own costs, other expenses, and attorneys' fees in connection with this action, with the Secretary's investigation underlying this action, with this settlement, and with this Order.

24.  This Order does not bind any government agency other than the U.S. Department of Labor.

25.  This Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute a single document.

26.  This Order fully resolves all claims in the Secretary's complaint in this action.

ENTERED this ___7th___ day of ___June___, 2019

THOMAS O. RICE
Chief United States District Judge

CONSENT ORDER - 22

FOR DEFENDANTS
JAMES DEWALT, ET AL.:

FOR R. ALEXANDER ACOSTA,
   U.S. SECRETARY OF LABOR:

AMANDA S. AMERT
Michael T. Graham
Jonathan A. Enfield
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
(312) 222-9350

Christopher J. Rillo
Jenner & Block LLP
50 California Street, 15th Floor
San Francisco, CA 94111

Thomas W. McLane
Law Firm of Thomas W. McLane
  PLLC
103 E. Indiana Avenue, Suite A
Spokane, WA 99201
(509) 290-6968

*Attorneys for Defendants*

KATE O'SCANNLAIN
Solicitor of Labor

G. WILLIAM SCOTT
Associate Solicitor
  for Plan Benefits Security

ROBERT FURST
Counsel for Litigation

 s/ Marc Sarata
PETER DOLAN
MARC SARATA
EIRIK CHEVERUD
Plan Benefits Security Division
Office of the Solicitor, U.S. Dept. of Labor
200 Constitution Avenue, N.W., Rm N-4611
Washington, D.C. 20013
(202) 693-5612

*Attorneys for Plaintiff*

CONSENT ORDER - 23

The Associated Industries of
the Inland Northwest

By: _____
Printed Name: Don Poffenroth
Title: Board Chair

Associated Industries
Management Services, Inc.

By: _____
Printed Name: James Dewalt
Title: President & CEO

Associated Employers Health
and Welfare Trust

By: _____
Printed Name: James Dewalt
Title: Sponsor

Greater Columbia Manufacturing
Benefits Trust

By: _____
Printed Name: James Dewalt
Title: Sponsor

Columbia Retail Benefits Trust

By: _____
Printed Name: James Dewalt
Title: Sponsor

Greater Northwest Health
Industry Benefits Trust

By: _____
Printed Name: James Dewalt
Title: Sponsor

Pacific Business Resource
Benefits Trust

By: _____
Printed Name: James Dewalt
Title: Sponsor

Associated Employers Trust
- Commercial Construction
Health and Welfare Trust

By: _____
Printed Name: James Dewalt
Title: Sponsor

CONSENT ORDER - 24

1

2  _James DeWalt_                    Jeffrey A. Barton
3   James DeWalt

4

5  _Robert G. Bakie_                 R. Alexander Acosta,
6   Robert G. Bakie                   Secretary of Labor

7

8                                    By: _Klaus Placke_

9                                        Klaus Placke
                                         Regional Director
10  Jack L. Fallis, Jr.                  Employee Benefits Security
                                    Administration
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT ORDER - 25

_____
Jeffrey A. Barton

_____
James DeWalt


R. Alexander Acosta,
Secretary of Labor

_____
Robert G. Bakie

By:_____
    Klaus Placke
    Regional Director
    Employee Benefits Security
Administration

_____
Jack L. Fallis, Jr.

CONSENT ORDER - 25

James DeWalt

_____

Robert G. Bakie

_____

Jack L. Fallis, Jr.

Jeffrey A. Barton

_____

R. Alexander Acosta,
Secretary of Labor


By:_____
    Klaus Placke
    Regional Director
    Employee Benefits Security
Administration

CONSENT ORDER - 25